IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-01546-RBJ

PAHOUA XIONG,

    Plaintiff,

v.

BRUCE THOMPSON and
KNIGHT TRANSPORATION,

    Defendants.

## ORDER RE: DEPOSITION TESTIMONY

### Deposition of Francine Mazone

On August 1, 2014 (17 days before trial) the plaintiff designated the entire transcript of the June 24, 2014 deposition of Ms. Mazone for presentation at trial. Ms. Mazone, a registered nurse, would testify by deposition concerning the reasonableness of plaintiff's medical bills. Defendants thereupon objected (as I see they also did at the deposition) to the use of the deposition on grounds that it is expert opinion testimony that was not properly disclosed as required by Fed. R. Civ. P. 26(a)(2). Plaintiff responds that it's not really expert testimony, and in fact, the Court itself said so at the trial preparation conference.

Taking the latter notion first, plaintiff is wrong on both counts. At the trial preparation conference the dispute concerned the potential testimony of one Dee Goodman who was represented to be a clerical person, a "billing representative," who was familiar with "CPT codes" and could explain how the amounts charged corresponded with the applicable code

number.  Opinion testimony regarding the reasonableness of medical bills based upon the witness's training and experience as a health care professional is quite different.  It is expert testimony, and it should be properly disclosed as such.  *Cf. Water Pik, Inc. v. Med-Systems, Inc.*, No. 10CV1221-PAB-CBS, 2012 WL 27596, at *3 (Jan. 5, 2012).

Disputes like this can be easily avoided simply by making a proper disclosure.  In this instance not only did counsel not do this, but he compounded the problem by waiting until the eve of trial to bring the dispute to the Court's attention.  On the other hand, there is no indication that the improper disclosure is prejudicial to the defendants in this instance.  They have had ample opportunity to obtain a responsive witness if indeed defendants do disagree with the substance of the testimony.

I have reviewed the deposition and have considered options including exclusion of the testimony and continuing the trial.  Either reaction would make a mountain out of this molehill.  Instead, I order that the following portions of the plaintiff's direct examination of this witness be excluded (in addition to page 5, lines 8-23, which is defense counsel's statement of his objection):

    Page 6 lines 12-25

    Page 7 lines 1, 8-21

    Page 8 lines 7-25

    Page 9 lines 1-4

    Page 17 lines 21-25

    Page 18 lines 5-11

My intent is to exclude testimony that tends to suggest that opinions are based on the witness's training and experience as a registered nurse, as opposed to a simple comparison of the

numbers to a data base or to the usual and customary fees for services in the community. Plaintiff's counsel is directed not to state or imply anything about the witness or her testimony inconsistent with the letter and spirit of this order and similarly to caution the plaintiff and any other witness who might have something to say about the medical bills so that Ms. Mazone's expertise is not aggrandized contrary to this order. The Court overrules plaintiff's objections to the testimony of the witness elicited by defense counsel on cross examination. ECF No. 60. Considering all the circumstances, it is my judgment that the result is a reasonable compromise that is fair to both sides.

### Kristen E. Nordenholz, M.D.

Plaintiff apparently contends in this case that the subject accident resulted in a back injury including compression fractures in her back, and that she has suffered from back pain as a result. Complaint ¶¶10, 11. If so, then plaintiff's objection [ECF No. 59] is overruled. The witness's testimony is that the plaintiff did not complain of back pain when she presented to the ER for examination and treatment related to a fall on November 10, 2009 (approximately six months after the accident that is the subject of the present case). That is relevant to the plaintiff's claims concerning back pain caused by the subject accident. Plaintiff's argument that she was not concerned about back pain at that time as she was in intense pain due to a broken leg goes to the weight and not the admissibility of the evidence

DATED this 15th day of August, 2014.

BY THE COURT:

*/s/ Brooke Jackson*

_____

R. Brooke Jackson
United States District Judge