IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-01546-RBJ

PAHOUA XIONG,

      Plaintiff,

v.

KNIGHT TRANSPORATION, INC.,[1]

      Defendant.

---

## ORDER

---

      This matter comes before the Court on Plaintiff's Motion for Entry of Final Judgment Pursuant to F.R.C.P. 58 [ECF No. 76] and Defendant Knight Transportation, Inc.'s Motion for New Trial Pursuant to F.R.C.P. 59 or in the Alternative Remittitur [ECF No. 79]. The Court addresses each motion in turn.

## BACKGROUND

      This case arises out of a car accident that took place on May 16, 2009. On May 1, 2012 the plaintiff, Ms. Xiong, filed this suit in state court alleging that the accident was caused in whole or in part by the defendant's negligence, and that she suffered injuries as a result. The

---

[1] Bruce Thompson was originally a party to this action, but his name was removed from the case caption in the August 25, 2014 Final Judgment Order [ECF No. 71]. This change took place for two reasons. First, during the trial preparation conference defense counsel indicated that Mr. Thompson was never served. Trial Prep. Conf. Tr. [ECF No. 58] at 2:7–8. Second, the plaintiff put forward no claims against Mr. Thompson for deliberation by the jury. Instead, the parties stipulated that any act or omission of Mr. Thompson was the act or omission of Knight Transportation. For these reasons, the Court *sua sponte* terminates Mr. Thompson as a party. The Clerk of the Court is hereby instructed to terminate Mr. Thompson as a party, and both sets of counsel are advised that any case captions going forward are to reflect this change.

case was removed to this Court on the basis of diversity of citizenship, and it eventually went to trial the week of August 18, 2014.  At the end of a four-day trial the jury returned a verdict in favor of the plaintiff in the amount of $832,000.  The breakdown of damages is as follows:

     1. $282,000 for non-economic damages

     2. $268,000 for economic damages

     3. $282,000 for permanent impairment and disfigurement

Special Verdict Form B [ECF No. 69-7] at 2.  The jury further found that the defendant was 60% at fault while the plaintiff was 40% at fault for her injuries.  The award was thereby reduced by 40% to a total of $499,200.

The plaintiff has moved for entry of final judgment in the amount of $812,891.11.  The plaintiff contends that in addition to the $499,200 verdict she is entitled to prejudgment interest in the amount of $273,475.04 and actual costs (not including taxable costs submitted pursuant to Fed. R. Civ. P. 54(d)(1)) in the amount of $40,216.07.  The defendant opposes this motion and also files a motion for new trial or, in the alternative, remittitur.  The defendant contends that the jury's determination that Ms. Xiong suffered $832,000 in damages was excessive, and that the verdict is not supported by the evidence presented at trial.  The defendant also contends that Ms. Xiong committed perjury and thereby perpetrated a fraud on the Court, mandating a new trial. The Court will address the defendant's motion first.

## ANALYSIS

### A.  Defendant Knight Transportation, Inc.'s Motion for New Trial Pursuant to F.R.C.P. 59 or in the Alternative Remittitur [ECF No. 79].

"A district court has broad discretion in deciding whether to grant a motion for a new trial."  *Harvey By & Through Harvey v. Gen. Motors Corp.*, 873 F.2d 1343, 1346 (10th Cir.

1989).  A federal court may set aside a jury verdict if the ends of justice require it.  *Holmes v. Wack*, 464 F.2d 86, 88–89 (10th Cir. 1972).  However, "under the Seventh Amendment, the court may not substitute its judgment of the facts for that of the jury; it may only grant a new trial if it concludes that the jury's verdict was so against the weight of the evidence as to be unsupportable."  *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1443 (10th Cir. 1988). "Where a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence."  *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999) (internal quotation marks and citations omitted).  The burden of proof is on the moving party, *see Domann v. Vigil*, 261 F.3d 980, 983 (10th Cir. 2001), and the Court considers the record evidence in the light most favorable to the nonmoving party, *see Anaeme*, 164 F.3d at 1284.

In the alternative, "where the court believes that the judgment for damages is excessive, that is, it is against the weight of the evidence, the court may order a remittitur and alternatively direct that there be a new trial if the plaintiff refuses to accept it."  *Holmes*, 464 F.2d at 89. However, the jury's verdict is considered inviolate "'absent an award so excessive or inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial . . . .'"  *Campbell v. Bartlett*, 975 F.2d 1569, 1577 (10th Cir. 1992) (quoting *Barnes v. Smith*, 305 F.2d 226, 228 (10th Cir. 1962)).  The moving party carries the "heavy burden of demonstrating that the verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence."  *Blanke v. Alexander*, 152 F.3d 1224, 1236 (10th Cir. 1998) (quoting *Campbell*, 975 F.2d at 1577) (internal quotation marks omitted). Indeed, the award of damages can be supported by any competent evidence tending to sustain it.

*Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1076 (10th Cir. 2002) (citations omitted).

The Court also has the power to set aside a judgment procured by fraud under Fed. R. Civ. P. 60(b)(3).[2]  Fraud on the court "requires a showing that one has acted with an intent to deceive or defraud the court." *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).  "A proper balance between the interests underlying finality on the one hand and allowing relief due to inequitable conduct on the other makes it essential that there be a showing of conscious wrongdoing—what can properly be characterized as a deliberate scheme to defraud—before relief from a final judgment is appropriate . . . ." *Id.*  "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir. 1996) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).  "Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)).

The defendant moves for a new trial on two basic premises: (a) the evidence at trial demonstrated that Ms. Xiong was suffering little if any pain or permanent impairment, and (b) Ms. Xiong committed fraud on the court by testifying otherwise.  In the alternative, the defendant asks that the Court remit the damages award on the grounds that it was excessive.

While the jury certainly could have assigned lower dollar values to the plaintiff's pain and impairment, the defendant's argument that the verdict was wholly unsupported by the

---

[2] The defendant did not originally move for relief from a final judgment on the grounds of fraud, but instead included this theory in its reply brief.  In turn, the Court permitted the plaintiff to file a sur-reply.

evidence is unpersuasive.  The defendant bases its argument on (1) an affidavit of defense

counsel, Paul Collins, declaring that a number of witnesses testified to Ms. Xiong's lack of pain

or impairment; (2) one medical record; and (3) a series of photographs found by a paralegal in

Mr. Collins' office on social media, after the trial, showing Ms. Xiong socializing with friends

and family over the course of the last few years.  [ECF Nos. 79-1 through 79-5].  None of these

pieces of "evidence," individually or in combination, give this Court grounds for granting a new

trial under Fed. R. Civ. P. 59.

Mr. Collins' affidavit delivers a summary of the testimony he remembers as having been

presented at trial, contending that it cannot support a finding that Ms. Xiong suffered any pain or

impairment.  [ECF No. 79-1].  The appropriate way to call the Court's attention to trial testimony

would be citations to the trial transcript.  Defense counsel's recollection of the evidence is

obviously incomplete, as it does not credit testimony, including that of Ms. Xiong herself,

supportive of her claims.  Nor is the affidavit of defense counsel, an advocate, unbiased.

Overall, counsel's opinions regarding the evidence has little persuasive value.

As to the medical record, while it indicates that Ms. Xiong did not appear to be in severe

pain or to show evidence of chronic pain behavior when examined on April 3, 2014, the doctor's

assessment was chronic pain primarily due to injuries to her thoracolumbar junction from T10 to

T12.  He told Ms. Xiong and her mother that surgery was an elective option if all reasonable

conservative treatment has failed, and Ms. Xiong believes her residual pain and dysfunction are

high enough to consider that option.  [ECF No. 79-2 at 2].  And insofar as the defendant alleges

that Ms. Xiong is not in pain because she has not had the surgery, Ms. Xiong was questioned

about this alleged discrepancy at trial.  The plaintiff explained that she did not elect to have the

surgery because she was unable to afford it.  Tr. Aug. 19, 2014 at 397 [ECF No. 97 at 127].  Her

damages request included the estimated cost of surgery.  Tr. Aug. 21, 2014 at 699 [ECF No. 99 at 22].

Finally, the defendant alleges that the social media photographs of Ms. Xiong make it "clear that Ms. Xiong has been engaging in many different social activities that she claims she could not do."  [ECF No. 79 ¶ 15].  The photos depict Ms. Xiong posing with friends and family at social functions over the last several years.  *See* [ECF Nos. 79-4 & 79-5].  As indicated above, these photos (which frankly do little to support defendant in any event) were not presented at trial.  A party moving for new trial on the basis of newly discovered evidence must show: "(1) the evidence was newly discovered since trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial—with the newly discovered evidence—would probably produce a different result."  *Sala v. United States*, 251 F.R.D. 614, 617 (D. Colo. 2008) (citing *Joseph v. Terminix Int'l Co.*, 17 F.3d 1282, 1285 (10th Cir. 1994)).  This evidence could have been discovered before trial.  Defense counsel has not alleged that the plaintiff withheld any of this evidence during discovery, or that Ms. Xiong's social media pages were inaccessible to the defendant before trial.

More disturbing to the Court, however, is the defendant's method of developing an argument, revealed for the first time in its reply brief, that Ms. Xiong committed fraud on the court by testifying that she suffered from impairment, pain symptoms, loss of enjoyment of life, and financial hardship.  After the trial the defendant apparently hired a private investigator to conduct surveillance of Ms. Xiong.  Defendant presents the affidavit of the investigator, his report; a written summary of video footage he obtained; and several photographs.  In addition the defendant has supplied the Court with conventionally filed unmarked exhibits – two CDs and

one thumb drive, all of which contain video of Ms. Xiong apparently taken by the investigator. *See* [ECF No. 90]. This "evidence" allegedly shows that Ms. Xiong is able to move freely without pain, that she is able to work, and that she has more financial resources than she claimed at trial. Problem is, this "evidence" comes too late, even if it could be said to contradict the plaintiff's claims. The defendant could have had Ms. Xiong surveilled before trial, and the jury could have considered the results along with the other evidence. Whether defendant's failure to develop this evidence when it counted was a tactical decision or oversight, it will not now be rewarded with a second bite at the apple.

Although the Court is not impressed by the so-called evidence of fraud, I also must comment on the defendant's use of legal authorities. For example, defendant quotes *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002) as follows:

> "[F]raud on the court" . . . requires a showing that one has acted with an intent to deceive or defraud the court. A proper balance between the interests underlying finality on the one hand and allowing relief due to inequitable conduct on the other makes it essential that there be a showing of conscious wrongdoing – what can properly be characterized as a deliberate scheme to defraud – before relief from a final judgment is appropriate. . . . Thus, when there is no intent to deceive, the fact that misrepresentations were made to a court is not of itself a sufficient basis for setting aside a judgment under the guise of "fraud on the court."

[ECF No. 89 ¶ 7] (quoting *Buck*, 281 F.3d at 1342 (quoting *Robinson*, 56 F.3d at 1267). However, on the same page the court also noted that "'[f]raud on the court . . . is *not* fraud between the parties or fraudulent documents, false statements or perjury.'" *Id.* (citing *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (emphasis added). But perjury is the essence of defendant's present claim of fraud on the court.

In support of defendant's argument concerning a right to a new trial where a witness provides false testimony, the reply takes the following quotation from *United States v. Jackson*, 579 F.2d 553(10th Cir. 1978):

> [A] new trial should be granted where (1) the court is reasonably satisfied that the testimony given by a material witness is false, (2) that without it the jury might have reached a different conclusion, and (3) the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet or did not know of its falsity until after the trial.

[ECF No. 89 ¶ 10] (quoting *Jackson*, 579 F.2d at 556 (citing *Larrison v. United States*, 24 F.2d 82, 87–88 (7th Cir. 1928))  The court noted that the *Larrison* rule has been termed the "possibility" test, because it requires only that the jury might have reached a different result if certain evidence had or had not been presented.  *Id.*

But the *Jackson* court never explicitly adopted the *Larrison* standard.  Instead it found that  a new trial was not warranted under either the standard set out in *Larrison* or in *Berry v. Georgia*, 10 Ga. 511 (1851), which required a showing that newly discovered evidence would *probably* produce an acquittal.  *See Jackson*, 579 F.2d at 557.  Furthermore, a quick cross-reference between *Larrison* and Tenth Circuit cases reveals that the Tenth Circuit has repeatedly declined to apply (let alone adopt) the *Larrison* possibility standard and has instead opted for a higher probability standard.  *See United States v. Lopez*, 382 F. App'x 680, 687 (10th Cir. 2010) (collecting cases).  Finally, in 2004 a panel of the Seventh Circuit overruled *Larrison*, adopting a probability standard instead.  *See United States v. Mitrione*, 357 F.3d 712, 718 (7th Cir. 2004).  And the Tenth Circuit has since expressly declined to follow the *Larrison* approach on account of the Seventh Circuit's reversal.  *See United States v. Sanchez-Ponce*, 486 F. App'x 293, 296 (10th Cir. 2012).

Inattention to the accuracy of citations in briefs is not the standard that this Court expects of counsel appearing here.

In the alternative, the defendant seeks an order of remittitur.  The defendant argues that the jury failed to apportion its damages award between the incident giving rise to this litigation

and a separate car accident that Ms. Xiong suffered a year later and that the jury also failed to apportion its damages with respect to Ms. Xiong's alleged failure to mitigate.  However, the jury was properly instructed (with no objection from the defendant) on how it should treat the evidence of the two accidents in determining damages.  Instruction No. 17 [ECF No. 69-5 at 18].  The jury was also properly instructed (with no objection from the defendant) on the plaintiff's duty to mitigate her damages.  Instruction No. 21 [ECF No. 69-5 at 22].  The Court has no reason to believe that the jury did not follow those instructions.

Overall, the defendant has failed to carry its heavy burden to persuade the Court that the judgment was in fact excessive based on the weight of the evidence.  Therefore, this request is also denied.

**B.  Plaintiff's Motion for Entry of Final Judgment Pursuant to F.R.C.P. 58 [ECF No. 76].**

On September 5, 2014 the plaintiff moved for an entry of final judgment against the defendant in the amount of $812,891.11.  [ECF No. 76].  As discussed above, the jury reached a verdict in favor of the plaintiff in the amount of $832,000 reduced by 40%, for a total of $499,200.  In addition to this total, the plaintiff seeks $273,475.04 in prejudgment interest ($133,060.73 in pre-filing simple interest and $140,414.31 in post-filing compounded interest) and $40,216.07 in actual costs accrued after an offer of settlement made on May 28, 2014.  The defendant contends that the plaintiff is not entitled to any prejudgment interest for failure to plead such relief in the complaint and that the request for actual costs should be denied because no formal offer of settlement was ever made.  The Court will address each of the plaintiff's requests and the defendant's objections in turn.

**1.  Prejudgment Interest.**

Courts sitting in diversity must apply the substantive law of the state in which they sit. *See, e.g.*, *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 511 (Colo. 2007) (quoting *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "Prejudgment interest is an element of compensatory damages and is part of the actual damages sought." *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1077 (10th Cir. 2008). As such, "'the law governing compensatory damages also governs prejudgment interest.'" *Id.* (quoting *Johnson v. Cont'l Airlines Corp.*, 964 F.2d 1059, 1064 (10th Cir. 1992)); *see also AE, Inc.*, 168 P.3d at 511. Colorado law governs this tort action and the related compensatory damages. As such, Colorado law likewise governs the amount of prejudgment interest due.

Pursuant to C.R.S. § 13-21-101(1), a plaintiff is entitled to claim interest on any damages arising from an action "brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person." C.R.S. § 13-21-101(1).[3] Upon request, the Court must calculate such interest at a rate of 9% per annum. *Id.* Total prejudgment interest is arrived at by first calculating simple interest on the amount of the judgment from the date the plaintiff's action accrued (here, the date of the car accident) until the day before the action was filed. *Francis ex rel. Goodridge v. Dahl*, 107 P.3d 1171, 1176 (Colo. App. 2005). This amount must then be added to the amount of the judgment and used as the initial base amount. *See id.* Finally, the initial base amount is used to calculate compound interest annually from the date the suit was filed until the date judgment is entered. *See id.*

### a. Pre-Filing Simple Interest

---

[3] The Colorado Supreme Court recently held C.R.S. § 13-21-101 unconstitutional on other grounds specifically concerning the calculation of post-judgment interest, which is not at issue in this case. *See Sperry v. Field*, 205 P.3d 365 (Colo. 2009).

The plaintiff's action accrued on May 16, 2009 and she filed this suit on May 1, 2012. Therefore, simple interest must be calculated on the amount of judgment – $499,200 – from May 16, 2009 through April 30, 2012.

> May 16, 2009 through May 15, 2010:      $44,928.00[4]
>
> May 16, 2010 through May 15, 2011:      $44,928.00[5]
>
> May 16, 2011 through April 30, 2012:    $43,086.69[6]

In total, the pre-filing simple interest amounts to $132,942.69.

### b.  Post-Filing Compounded Interest

Post-filing compounded interest must be calculated at a rate of 9% per annum off of the initial base amount, here $632,142.69 – the sum of the pre-filing simple interest ($132,942.69) and the amount of judgment ($499,200).  In this case, post-filing interest began accruing on May 1, 2012 (the date of filing) and continued through the entry of judgment on August 25, 2014. Compounded interest is calculated by adding the annually accrued interest to the principal base amount each year before determining the following year's interest.

> May 1, 2012 through April 30, 2013:      $56,892.84[7]
>
> May 1, 2013 through April 30, 2014:      $62,013.20[8]
>
> May 1, 2014 through August 25, 2014:    $21,667.24[9]

---

[4] Calculated by multiplying $499,200 by 0.09.

[5] *Id.*

[6] Calculated by first dividing $499,200 by 366 (2012 was a leap year); then multiplying that number by 351 (the number of days that interest accrued); and finally multiplying that number by 0.09.

[7] Calculated by multiplying the initial base amount of $632,142.69 by 0.09.

[8] Calculated by adding $56,892.84 to the previous year's total of $632,142.69 for a new total of $689,035.53 and then multiplying this amount by 0.09.

In total, the post-filing compounded interest amounts to $140,573.28.  Adding this amount to the pre-filing interest of $132,942.69 renders a total of $273,515.97 in prejudgment interest.

### c. Defendant's Objections

The defendant objects to the issuance of prejudgment interest on the grounds that (1) the plaintiff did not sufficiently demand such interest as a form of relief in her Complaint and (2) the plaintiff is not entitled to prejudgment interest for future damages under Colorado law.

Pursuant to C.R.S. § 13-21-101, "a party must request interest from either the date suit is filed or the date an action accrues." *Schuessler v. Wolter*, 310 P.3d 151, 168 (Colo. App. 2012) *cert. denied sub nom. Pinnacol Assurance v. Schuessler*, No. 12SC493, 2013 WL 4828033 (Colo. Sept. 9, 2013).  "The failure to claim interest under this statute means that the right is waived."  *Id.*  A plaintiff is not required, however, to specify a particular date from which interest is claimed.  *See id.* (citing *Briggs v. Cornwell*, 676 P.2d 1252, 1253 (Colo. App. 1983); *Martinez v. Jesik*, 703 P.2d 638, 640 (Colo. App. 1985)).

The plaintiff originally filed this case in Denver County District Court on May 1, 2012.  [ECF No. 1-2 at 9–11].  In her Complaint Ms. Xiong explicitly made a prayer "for damages of and from Defendants Bruce Thompson and Knight Transportation, together with interest, costs where allowed, and all other relief to which she is entitled."  *Id.* at 11.  The Colorado Supreme Court has held that a prayer "[f]or interest and costs of suit" gives sufficient notice to the defendant that the plaintiff seeks prejudgment interest.  *Jacobson v. Doan*, 319 P.2d 975, 983 (Colo. 1957).  Likewise, the Colorado Court of Appeals has previously held that a prayer for "interest as provided by statute" is an adequate request for pre-filing interest.  *Briggs*, 676 P.2d at

---

[9] Calculating by first adding $62,013.20 to the previous year's total of $689,035.53 for a new total of $751,048.73; then dividing $751,048.73 by 365 and multiplying the amount by 117 (the number of days that interest accrued) for a total of $240,747.13; and multiplying $240,747.13 by 0.09.

1253.  Both of these cases were interpreting the "short and plaint statement" pleading standard provided by Rule 8(a) of the Colorado Rules of Civil Procedure.  While this Court must rely on the pleading requirements set out in the Federal Rules of Civil Procedure, the defendant has made no argument (nor can the Court rightly entertain one) that FRCP 8(a) would require any additional specificity to put the defendant on notice of the plaintiff's claims for relief.

The only case that the defendant cites in support of its position is *Clark v. Hicks*, 252 P.2d 1067 (Color. 1953).  However, the *Clark* court was presented with the question of whether a plaintiff may file an amended complaint more than ten days after the entry of judgment in order to add a previously absent prayer for interest.  The *Clark* court held for the defendant, finding that the plaintiffs were not entitled to an award of interest after failing to make such a demand prior to the entry of judgment.  252 P.2d at 1070.  The *Clark* case is inapposite to the one at hand, where the question concerns whether Ms. Xiong's request for "interest" and "all other relief to which she is entitled" is sufficient to include both post- and pre- judgment interest.  The defendant has cited no case nor made a persuasive argument in support of its position that this language would not encompass a prayer for prejudgment interest, whereas the cases cited by the plaintiff support a liberal reading of the prayer for relief.  The Court therefore finds that Ms. Xiong's prayer for relief sufficiently put the defendant on notice that she sought all interest to which she would be entitled under the law.

Next, the defendant argues that the plaintiff is not entitled to prejudgment interest for future damages.  However, the cases that the defendant cites in support concern awards on breach of contract claims under C.R.S. § 5-12-102.  *See* [ECF No. 80 ¶ 8] (citing *S. Park Aggregates, Inc. v. Nw. Nat. Ins. Co. of Milwaukee, Wis.*, 847 P.2d 218, 227 (Colo. App. 1992); *Shannon v. Colorado Sch. of Mines*, 847 P.2d 210, 213 (Colo. App. 1992)).  Meanwhile, the

Colorado Court of Appeals has held that C.R.S. § 13-21-101(1) "does not differentiate for the purpose of awarding interest between an award of past and future damages." *Stevens By & Through Stevens v. Humana of Delaware, Inc.*, 832 P.2d 1076, 1080 (Colo. App. 1992); *see also Mumford v. Hughes*, 852 P.2d 1289, 1291 (Colo. App. 1992) (finding *Stevens* dispositive on the question of whether prejudgment interest applies to awards for both past and future damages). Once again, the defendant has cited an inaccurate statement of law to this Court with the hope that the Court would not notice. At a certain point, the defendant should be wary of incurring sanctions under Fed. R. Civ. P. 11(c).

In sum, the Court finds that the plaintiff sufficiently sought interest, including prejudgment interest, in her prayer for relief. As such, she is entitled to $132,942.69 in pre-filing simple interest and $140,573.28 in post-filing compounded interest for a total of $273,515.97 in prejudgment interest.

### 2. **Actual Costs.**

Lastly, the plaintiff argues that she is entitled to $40,216.07 of actual costs under C.R.S. § 13-17-202. The statute provides that if a plaintiff "serves an offer of settlement in writing at any time more than fourteen days before the commencement of the trial that is rejected by the defendant, and the plaintiff recovers a final judgment in excess of the amount offered, then the plaintiff shall be awarded actual costs accruing after the offer of settlement to be paid by the defendant." C.R.S. § 13-17-202(1)(a)(I). Though the plaintiff relies on a state rule of civil procedure, the Tenth Circuit has found that this rule applies in diversity actions because there is no federal rule of civil procedure directly on point. *See Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1176–77 (10th Cir. 2000).

Under C.R.S. § 13-17-202, the final judgment amount includes the prejudgment interest except to the extent specifically excluded by C.R.S. § 13-17-202(2).  *See Novak v. Craven*, 195 P.3d 1115, 1121 (Colo. App. 2008).  C.R.S. § 13-17-202(2) provides that "[w]hen comparing the amount of any offer of settlement to the amount of a final judgment actually awarded, any amount of the final judgment representing interest subsequent to the date of the offer in [*sic*] settlement shall not be considered."  Plaintiff's counsel contends that he sent an offer of settlement to defense counsel on May 28, 2014, more than two weeks before trial commenced on August 18, 2014.  The offer was for $675,000.  The defendant did not accept the offer.  As discussed above, Ms. Xiong was awarded $499,200 by the jury.  Calculating prejudgment interest that accrued through May 28, 2014, Ms. Xiong's award totaled $756,234.05,[10] which exceeds the settlement offer.

The defendant argues that the plaintiff is not entitled to costs under C.R.S. § 13-17-202 because (a) the Federal Rules of Civil Procedure must apply in a diversity action; (b) the plaintiff never made a formal offer of settlement sufficient to trigger the fee shifting statute; and (c) the settlement demand exceeded the final judgment because the plaintiff is not entitled to prejudgment interest.  The Court has already addressed and rejected the underlying basis for the defendant's third contention, which leaves us with the first two arguments.

With respect to the defendant's first argument, the plaintiff sufficiently addressed any concern that the state procedural law would not apply in its initial motion, citing *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170 (10th Cir. 2000), discussed above.  *See* [ECF No. 76 ¶ 22].  The defendant does not acknowledge the *Garcia* opinion, nor does it provide any contrary opinion by the Tenth Circuit or the Supreme Court.  Instead, the defendant argues that Fed. R. Civ. P. 68

---

[10] Calculated by taking the final judgment owed as of April 30, 2014 – $751,048.73, *see supra* note 9 – and calculating the interest owed for twenty-eight days afterwards based on the formula set out in note 9.

bars fee shifting in favor of the plaintiff.  Yet the *Garcia* court explicitly considered Rule 68 when finding that C.R.S. § 13-17-202 nonetheless applied in diversity actions.  209 F.3d at 1176.

With that said, the Court agrees with the defendant that the plaintiff never made an offer of settlement sufficient to trigger the fee shifting provisions of C.R.S. § 13-17-202.  The so-called offer was put forth in an email from plaintiff's counsel to defense counsel entitled "Xiong" dated May 28, 2014.  A copy of the email is attached as the second exhibit to the plaintiff's motion.  The email contains four paragraphs and discusses a number of matters.  It reads in full:

> Paul,
>
> I want to provide you with a demand and follow up with you on a couple of stipulations.  My client has given me the authority to make a demand to settle her case for $675,000.00.  I had suggested to Ms. Treece, that I thought using Belipanni would be a good idea if we wanted to mediate.  However, I am open to almost any mediator.  Please let me know your position on mediation and which mediators you are amenable to.
>
> With regards to stipulations on exhibits.  It is my understanding you are objecting to the billing summary that we have disclosed.  Dan emailed you last Thursday regarding our understanding of your objections, but we did not receive a response.  Please advise if you are objecting to foundation or hearsay.  If so, I will be subpoenaing every billing representative from each medical provider (25 of them) to come in and testify to lay a proper foundation for admissibility.  I will also need to contact the Court to request an additional day of trial to accommodate all of those witnesses.
>
> Lastly, it was my understanding you were going to get back to us on whether you would stipulate to the video and stills from the video.  Please let me know as I will need to call the witness who took the video to lay a proper foundation to admit the video and still images from the video.
>
> Finally, I sincerely hope everything went well with your daughter's surgery.  I have two daughters myself and I can only imagine how I would feel if they had to go through a surgery.
>
> Thanks,
> Michael

[ECF No. 76-2]. The plaintiff contends that this email constitutes an offer of settlement sufficient to trigger the fee shifting provisions under C.R.S. § 13-17-202.

The Court agrees with the plaintiff that under Colorado case law, an offer of settlement need not be entitled "settlement offer" and need not refer to the fee-shifting statute. *See Dillen v. HealthOne, L.L.C.*, 108 P.3d 297, 301 (Colo. App. 2004). The Colorado Court of Appeals has explicitly held that it would be inappropriate for a court to "engraft specific requirements onto the statutory language." *Id.* However, that does not mean that any mention of a demand constitutes an *offer of settlement*; it simply means that a demand which appears to be an offer of settlement and which would put an opposing party on notice of such offer will not be deemed otherwise for failure to meet a technical requirement.

I have reviewed the email and find that when read as a whole it does not clearly create an offer of settlement. *Cf. Sumerel v. Goodyear Tire & Rubber Co.*, 232 P.3d 128, 134 (Colo. App. 2009) (finding no offer capable of acceptance where one party asked opposing counsel to "[p]lease review these, then let's discuss" because such language did not solicit an acceptance). Mr. Nimmo states, in the passive voice, that he has been given the authority to make a demand to settle his client's case for $675,000.00. However, it is mentioned in the context of choosing a mediator for future negotiation. There is likewise no request for Mr. Collins to respond to the $675,000 figure, while there is an explicit invitation to discuss his position on mediation and certain mediators. Though perhaps this comment could have been read as an offer, the plaintiff has provided no proof that defense counsel read it as such. And the Court cannot, in good faith, find that this type of communication sufficiently constituted an offer of settlement that would have put defense counsel on notice that the fee shifting provisions of C.R.S. § 13-17-202 had

been triggered.  As such, the plaintiff's request for actual costs pursuant to C.R.S. § 13-17-202 is denied.

In conclusion, the Court finds that the plaintiff is entitled to a judgment of $499,200 plus $273,515.97 in prejudgment interest, for a final judgment of $772,715.97.

## ORDER

The Court ORDERS as follows:

1. Plaintiff's Motion for Entry of Final Judgment Pursuant to F.R.C.P. 58 [ECF No. 76] is GRANTED IN PART and DENIED IN PART.  Final judgment shall enter on behalf of the plaintiff, Pahoua Xiong, and against the defendant, Knight Transportation, Inc. in the amount of seven hundred seventy-two thousand seven hundred fifteen dollars and ninety-seven cents ($772,715.97) plus post-judgment interest at the rate of .10%.

2. Defendant Knight Transportation, Inc.'s Motion for New Trial Pursuant to F.R.C.P. 59 or in the Alternative Remittitur [ECF No. 79] is DENIED.

3. The Court notes its disappointment with defense counsel's loose and inaccurate citation of authority.  That is not professional or acceptable, and it should not be repeated.

DATED this 29th day of December, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge